IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No. 07 B 71375 |
| GLUTH BROS. CONSTRUCTION, INC., | ) | Honorable Manuel Barbosa |
| | ) | Motion Date: June 8, 2007 |
| Debtor. | ) | Motion Time: 1:30 p.m. |

### INTERIM ORDER PERMITTING DEBTOR
### TO USE CASH COLLATERAL BELONGING
### TO AMERICAN COMMUNITY BANK AND TRUST

THIS CAUSE COMING ON TO BE HEARD on motion of Debtor, GLUTH BROS. CONSTRUCTION, INC., for entry of an order permitting it use cash collateral belonging to American Community Bank and Trust ("Motion"), the Court being duly advised in the premises; and

THE DEBTOR HAVING REPRESENTED TO THE COURT that:

1. On June 5, 2007, Debtor filed a voluntary case under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2. The Debtor is a Delaware corporation registered to do business in Illinois. Its principal place of business is 1151 Lake Avenue, Woodstock, Illinois. Debtor is a subcontractor providing sewer and plumbing services.

3. On or about April 6, 2006, Debtor executed a business loan and promissory note in the amount of $2,000,000.00 in favor of American Community Trust and Bank, which agreement has been modified from time to time, all as is more fully set forth on Group Exhibit 1 attached to the Motion.

4. Simultaneously with the execution of the business loan and promissory note, Debtor executed a Commercial Pledge Agreement granting American Community Trust and Bank a security interest in all of Debtor's assets, including the proceeds and products thereof, as is more fully set forth on Exhibit 2 attached to the Motion. American Community Trust and Bank properly filed a UCC-1 with the Secretary of State of Illinois to perfect its security interest in the Debtor's property.

5. Debtor believes that the balance due to American Community Trust and Bank is approximately $1,991,000.00. Debtor believes that the value of the assets securing its obligations to American Community Trust and Bank is approximately $3,200,000.00.

6. The Debtor requires the use of its cash collateral as it is defined in Section 363(a) of the Bankruptcy Code and requests authorization of this Court to utilize the cash collateral pursuant to the provisions of Section 363(c)(2)(B) of the Bankruptcy Code. A statement showing Debtor's anticipated expenses is attached hereto.

7. The Debtor has no other source of income other than the receipts from the sales of its goods and services. If the Debtor is not given the use of cash collateral, it will be unable to retain its employees and have sufficient funds necessary to meet its contractual obligations. The Debtor would then be forced into a premature liquidation.

8. American Community Trust and Bank will not be harmed by the interim use of cash collateral generated from the assets and proceeds thereof. As to the use thereof, the Debtor proposes that American Community Trust and Bank be granted replacement liens upon the assets in Debtor's possession subsequent to the filing of the Chapter 11 petition to the extent of the collateral utilized, subject to verification of the extent and validity of the liens. In addition, as adequate protection,

-2-

Debtor proposes to make monthly adequate protection payments to American Community Trust and Bank in the amount of $7,100.00 and to grant American Community Trust and Bank a replacement lien upon the proceeds from assets Debtor acquires subsequent to the filing of the Chapter 11 petition to the extent that the collateral is utilized subject to verification of the extent and validity of the lien.

9. As added security, American Community Trust and Bank, Frank Gluth, president and sole shareholder of the Debtor has guaranteed repayment of the loan and has pledged his personal assets as security therefore.

10. The use of collateral held by American Community Trust and Bank will cause little, if any, harm to American Community Trust and Bank. Conversely, the harm to the Debtor will be substantial because the use of cash collateral is essential to its status as a going concern. The Debtor further believes that American Community Trust and Bank is fully protected for the value of its lien provided by a replacement lien to the extent of collateral utilized and the additional security it holds from non-Debtor sources.

11. Pursuant to Rule 4001(b) of the Bankruptcy Rules, Debtor must give fifteen (15) days notice to all creditors and parties in interest. However, pursuant to Rule 4001(b)(2), the court may conduct a preliminary hearing before the fifteen (15) day period expires as is necessary to avoid immediate and irreparable harm. Notice of this Emergency Motion has been served upon the Trustee, all parties holding a lien upon the Debtor's assets and the twenty largest creditors. Debtor believes that it is appropriate to reduce the time for notice of this application.

IT IS HEREBY ORDERED that:

A.  Debtor is authorized to use cash collateral belonging to American Community Bank & Trust to the extent needed pursuant to the budget attached hereto;

B.  Debtor is authorized to make monthly adequate protection payments in the amount of $7,100.00 on an interim basis until a final hearing to permit use of cash collateral is held by the Court.

C.  American Community Bank & Trust is granted a replacement lien on the proceeds from assets Debtor acquires subsequent to the filing of the Chapter 11 petition to the extent that the collateral is utilized and subject to verification of the extent and validity of the lien on an interim basis until final hearing to permit use of cash collateral is held by the Court.

D.  A final hearing to permit use of cash collateral will be held on __June 25__, 2007 at __1:30__ Debtor shall provide notice thereof to all creditors and parties in interest.

Dated: __JUN 8 2007__

ENTER: _____
U.S. Bankruptcy Judge

QUERREY & HARROW, LTD.
Attorneys for Debtor
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois 60604
312-540-7000

Document #: 1234029

-4-