# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No. 07 B 71375 |
| GLUTH BROS. CONSTRUCTION, INC., | ) | Honorable Manuel Barbosa |
| | ) | |
| Debtor. | ) | |

## FINAL ORDER PERMITTING DEBTOR
## TO USE CASH COLLATERAL BELONGING
## TO JOHN DEERE CONSTRUCTION & FORESTRY CO.

THIS CAUSE COMING ON TO BE HEARD on motion of Debtor, GLUTH BROS. CONSTRUCTION, INC., for entry of an order permitting it use cash collateral belonging to John Deere Construction & Forestry Co. ("Motion"), the Court being duly advised in the premises; and

THE DEBTOR HAVING REPRESENTED TO THE COURT that:

1. On June 5, 2007, Debtor filed a voluntary case under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2. The Debtor is a Delaware corporation registered to do business in Illinois. Its principal place of business is 1151 Lake Avenue, Woodstock, Illinois. Debtor is a subcontractor providing sewer and plumbing services.

3. On or about January 12, 2005, Debtor executed a loan contract and security agreement for the purchase of equipment, all as is more fully set forth in Exhibit 1 attached to Debtor's motion. John Deere Construction & Forestry Co. ("John Deere") properly filed a UCC-1 with the Secretary of State of Illinois to perfect its security interest in the Debtor's equipment and the proceeds thereof.

--1--

4.      Debtor believes that the balance due to John Deere is approximately $112,700.00. Debtor believes that the value of the assets securing its obligations to John Deere is approximately $150,000.00.

5.      The Debtor requires the use of its cash collateral as it is defined in Section 363(a) of the Bankruptcy Code and requests authorization of this Court to utilize the cash collateral pursuant to the provisions of Section 363(c)(2)(B) of the Bankruptcy Code. A statement showing Debtor's anticipated expenses is attached hereto.

6.      The Debtor has no other source of income other than the receipts from the sales of its goods and services. If the Debtor is not given the use of cash collateral, it will be unable to retain its employees and have sufficient funds necessary to meet its contractual obligations. The Debtor would then be forced into a premature liquidation.

7.      John Deere will not be harmed by the interim use of cash collateral generated from the assets and proceeds thereof. As to the use thereof, the Debtor proposes that John Deere be granted replacement liens upon the assets held as security, subject to verification of the extent and validity of the liens. In addition, as adequate protection, Debtor proposes to make monthly adequate protection payments to John Deere in the amount of $11,344.78 which was the payment called for under the agreement.

8.      The use of collateral held by John Deere will cause little, if any, harm to American Community Trust and Bank. Conversely, the harm to the Debtor will be substantial because the use of cash collateral is essential to its status as a going concern. The Debtor further believes that John Deere is fully protected for the value of its lien provided by a replacement lien to the extent of collateral utilized and the additional security it holds from non-Debtor sources.

IT IS HEREBY ORDERED that:

A. Debtor is authorized to use cash collateral belonging to John Deere to the extent needed pursuant to the budget attached hereto;

B. Debtor is authorized to make monthly adequate protection payments in the amount of $11,344.78 until further order of Court or entry of an order confirming a Chapter 11 plan whichever occurs first.

C. John Deere is granted a replacement lien on from the assets held as security subject to verification of the extent and validity of the until further order of Court or entry of an order confirming a Chapter 11 plan whichever occurs first.

Dated: JUN 2 5 2007

ENTER:

_____
U.S. Bankruptcy Judge

QUERREY & HARROW, LTD.
Attorneys for Debtor
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois 60604
312-540-7000

Document #: 1239803