**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **In Chapter 11** |
| | ) | **Case No.  07 B 71375** |
| **GLUTH BROS. CONSTRUCTION, INC.,** | ) | **Honorable Manuel Barbosa** |
| | ) | **Motion Date:   April 22, 2009** |
| Debtor. | ) | **Motion Time:  10:30 a.m.** |

**NOTICE OF MOTION**

TO:    See attached

PLEASE TAKE NOTICE THAT on  April 22, 2009, at the hour of 10:30 a.m.., the undersigned shall appear before the Honorable Manuel Barbosa of the United States Bankruptcy Court for the Northern District of Illinois, Western Division, or any judge sitting in his stead, in Room 115 at Federal Courthouse, 211 South Court Street, Rockford, Illinois, and there and then present **FINAL APPLICATION FOR COMPENSATION OF COUNSEL FOR THE DEBTOR.** A copy of same is attached hereto and thereby served upon you.  You may appear if you so see fit.

QUERREY & HARROW, LTD.

**AFFIDAVIT OF SERVICE**

I, Beverly A. Berneman, an attorney, certify that I caused the foregoing Notice of Motion upon the persons to whom it is addressed by mailing copies of the same to them and depositing it in the U.S. Mail at 175 West Jackson Boulevard, Chicago, Illinois at 4:00 p.m. April 2, 2009, with proper postage prepaid.

/s/Beverly A. Berneman
Beverly A. Berneman

QUERREY & HARROW, LTD.
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois  60604
312-540-7000

**Service List**

United States Trustee
780 Regent Street, Suite 304
Madison, Wisconsin 53715

Gluth Bros. Construction, Inc.
1151 Lake Avenue
Woodstock, IL 60098

Rick Francois, Chief Lending Officer
American Community Bank
1290 Lake Ave.
PO Box 1720
Woodstock, IL 60098

James Kiss
Kiss Ryan & Anderson, Ltd. PC
96 Kennedy Memorial Drive, Suite 203
Carpentersville, IL 60110

Thomas R. Fawkes
Aaron L. Hammer
Freeborn & Peters LLP
311 S. Wacker Drive
Suite 3000
Chicago, IL 60606

Gary M. Vanek
Schnell, Bazos, Freeman, Kramer, et al.
1250 Larkin Avenue, Suite 100
Elgin, Illinois 60123

John Deere Construction & Forestry
Robert Allen
Litigation Administrator
P.O. Box 6600
Johnston, IA 50131

LaKisha M Kinsey-Sallis
Dowd Bloch & Bennett
8 S Michigan Avenue 19th Floor
Chicago, IL 60603

Christina K Krivanek

Patrick T. Wallace
53 W. Jackson Blvd., Suite #550
Chicago, IL 60604

Raphael E Yalden
Yalden Olsen & Willette
1318 E State Street
Rockford, IL 61104

Richard N. Kessler
McDonald Hopkins LLC
640 N. LaSalle - Suite 590
Chicago, IL 60610

Peggy D. Gerkin
Franks, Gerkin & McKenna
P. O. Box 5
Marengo, IL 60152

Jeffrey Chang
Wildman, Harrold, Alan & Dixon LLP
225 W. Wacker, Suite 2000
Chicago, IL 60606

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **In Chapter 11** |
| | ) | **Case No. 07 B 71375** |
| **GLUTH BROS. CONSTRUCTION, INC.,** | ) | **Honorable Manuel Barbosa** |
| | ) | **Motion Date: April 22, 2009** |
| **Debtor.** | ) | **Motion Time: 10:30 a.m.** |

**FINAL APPLICATION FOR COMPENSATION
OF COUNSEL FOR THE DEBTOR**

The law firm of QUERREY & HARROW, LTD. ("Q&H"), counsel for the Debtor, GLUTH BROS. CONSTRUCTION, INC. ("Gluth Bros." or "Debtor"), applies to this court for an order approving the payment of final fees in the amount $56,941.50 plus costs in the amount of $324.29 and in support thereof states as follows:

**I. Narrative Summary**

Gluth Bros. filed for relief under Chapter 11 of the Bankruptcy Code on June 5, 2007. The retention of Q&H as counsel for the Debtor was approved by the Bankruptcy Court on June 25, 2007 effective as of June 5, 2007.

Debtor paid Q&H a pre-petition retainer in the amount of $7,905.00 plus a cost advancement of $1,039.00.

On November 19, 2007, this Court entered an order approving Q&H's first fee petition requesting $63,952.50 in fees and $2,648.80 in costs.

On March 27, 2008, this Court entered an order approving Q&H's second fee petition requesting $104,762.50 in fees and $2,544.40 in costs.

On October 15, 2008, this Court entered an order approving Q&H's third fee petition requesting $96,187.50 in fees and $324.29 in costs.

This is Q&H's final fee petition.

## II. Case Status

Debtor is a subcontractor providing sewer and plumbing services.

Since the last fee petition, Debtor has continued to down size. Debtor formulated a joint plan with the Official Unsecured Creditors' Committee (the "Committee"). The plan and disclosure statement have been distributed to creditors and the ballots have been submitted. However, in the interim, Debtor has experienced unanticipated financial reversals due to the continued downswings in the housing and construction market. The Debtor and the Committee continued to work together to formulate act in the best interests of the Debtor and all creditors.

Eventually, the Committee and the Debtor were able to agree upon a plan of liquidation. The plan has been confirmed by the Court.

Details regarding these activities and other activities will be discussed further below.

## III. Description of the Fee Petition

A.     General Information.  Rule 2016(a) of the Bankruptcy Rules requires a detailed application for fees.  The primary objective of this fee application is to reveal sufficient information to enable the court to determine whether the services rendered in representing the Debtor were reasonable, actual and necessary.  Q&H has provided accurate and detailed records of the services which were made contemporaneously with the services performed. *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

The statement of services includes a summary, by category, of the work done and time expended in each category.  Much care has been taken to properly categorize the activities to the degree possible.  Billing judgment was used to exclude hours which were excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983);

*In re Temple Retirement Community, Inc.*, 97 B.R. 333 (Bkrtcy. W.D.Tex. 1989); In re *Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

      B.      <u>Billing Entries.</u>  Q&H uses computerized time and billing software in the preparation of a fee petition. The software is versatile and lends itself to the particular requirements of a fee petition under the Bankruptcy Code.

This interim fee petition contains a narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity. It contains a statement explaining the significance of the activity as well as the purpose, necessity and appropriateness of each such service. Where appropriate, it contains a statement of the effectiveness of the activity, alternatives considered, method for choosing the action taken, a statement of any difficult or unusual problems which arose in the case and the manner in which it was addressed. *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

      C.      <u>Hourly Charges.</u>

Q&H charges all clients, including for non-bankruptcy matters, $450.00 per hour for partner attorney time in court; $300.00 per hour for other partner attorney time, $225.00 per hour for associate time, $150.00 per hour for travel time and $85.00 per hour for paralegal time.

## IV. Project Summary

From September 17, 2008 to March 18, 2009, Gluth Bros. has incurred $56,941.50 at Q&H's customary hourly fee rates.

Attached hereto is a detailed, chronological description by category of the services performed on behalf of Gluth Bros. during the relevant time period. The billing rates for each attorney and paraprofessional are identified.

The following is a detailed narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity:

 A. *ADMINISTRATION.*

The activities in the general administration category are those activities which are a necessary part of the representation of the Debtor such as reviewing monthly operating reports, responding to inquiries from creditors, contact and discussions with the attorneys for the creditors' committee, reviewing fee petitions of other parties, drafting fee petitions for the accountant, matters pertaining to the payment of administrative claims, participation in settlement negotiations conducted by counsel for the principal of the Debtor, communicating the United States Trustee's office regarding issues related to Debtor's operations, and advising Debtor about its operations as a debtor in possession. The benefits of these services to the Debtor and its estate were both economic and non-economic. The economic benefits resulted in the Debtor being able to streamline its operations. The remainder of the services was of non-economic benefit to the Debtor and its estate by promoting the bankruptcy process and the smooth administration of the cases.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibits A. A general breakdown is as follows:

| **Attorney** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|
| R.R. Benjamin | 31.10 | 300.00 | 9,330.00 |
| B.A. Berneman | 8.90 | 300.00 | 2,670.00 |
| E.E. Madda | 36.50 | 225.00 | 8,212.00 |
| E.E. Madda | 11.50 | 300.00 | 3,450.00 |
| K.C. Sheldon | 1.00 | 85.00 | 204.00 |
| | 90.40 | | $23,866.50 |

 B. *CLAIMS*

The activities in the claims category are those activities connected with the creditors regarding their claims, reviewing claims of creditors and filing, litigating contested motions for payment of administrative claims, negotiating resolution of outstanding unliquidated claims resulting from work performed by the Debtor payments in order to recover significant funds for Debtor's operations and plan. The services benefited the estate on an economic basis addressing claims issues that resulted in the collection of operating funds to the estate. The services benefited the estate on a non-economic basis by facilitating the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| R. R. Benjamin | 2.20 | 300.00 | 660.00 |
| B.A. Berneman | 0.20 | 300.00 | 60.00 |
| E.E. Madda | 3.50 | 225.00 | 787.50 |
| E.E. Madda | 0.80 | 300.00 | 240.00 |
|  | 6.70 |  | $ 1,747.50 |

C.   *FEE PETITION.*

Q&H has constructed this detailed analysis of the fee petition as an aid to the Court and the creditors in determining the reasonableness of the fees requested. Counsel reviewed the fee entries and conducted a "business judgment" audit to insure that the fees requested were reasonable and necessary to the administration of the estate. In addition, counsel expended time drafting this fee petition. Also included in this section are paralegal fees incurred in processing a fee petition on behalf of the accountant for the Debtor

An itemized breakdown of the services rendered to the Debtor is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| B.A. Berneman | 4.30 | 300.00 | 1,290.00 |

D.   *FINANCING*

Q&H continued to aid Debtor in meeting and resolving issues connected with its secured lenders. The fees incurred resulted in an economic benefit to Debtor's estate by preserving the estate. The non-economic benefits resulted from aiding the administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| R. R. Benjamin | 0.40 | 300.00 | 120.00 |

*E.   OBJECTIONS TO CLAIMS*

Q&H evaluated over 100 and worked with the Debtor to determine if the claims were an accurate reflection of the amounts owed. In recent months, Q&H was able to resolve all but one of the pending objections to claims.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| R. R. Benjamin | 7.10 | 300.00 | 2,130.00 |
| B.A. Berneman | 0.30 | 300.00 | 90.00 |
| E.E. Madda | 6.10 | 225.00 | 1,372.50 |
| E.E. Madda | 3.10 | 300.00 | 930.00 |
| | 16.60 | | $ 4,522.50 |

*F.  PLAN*

As discussed above, counsel has been working diligently with counsel for the Committee to reevaluate the current joint plan of reorganization in light of economic conditions. Eventually, Q&H counseled the Debtor in settling various issues with the Committee which led to a confirmed liquidating plan. The services resulted in an economic benefit to Debtor's estate by aiding the Debtor in concluding these proceedings in a timely manner for the benefit of its unsecured creditors. The non-economic benefits resulted from aiding the administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.

A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| R.R. Benjamin | 27.70 | 300.00 | 8,310.00 |
| B.A. Berneman | 20.30 | 300.00 | 6,090.00 |
| E.E. Madda | 7.50 | 225.00 | 1,687.50 |
| E.E. Madda | 10.00 | 300.00 | 2,400.00 |
|  | 65.50 |  | $19,087.50 |

### G. PREFERENCE ACTIONS

Q&H acted as a liaison between counsel for the Committee and counsel for the Debtor's principal regarding possible preference actions against the principal.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.

A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| R.R. Benjamin | 1.00 | 300.00 | 300.00 |
| B.A. Berneman | 0.30 | 300.00 | 30.00 |
|  | 1.30 |  | $ 330.00 |

### H. SALE OF ASSETS

Q&H rendered services related to the sale of real property belonging to the Debtor, including the retention of a real estate broker. The non-economic benefits resulted from aiding the administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.

A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| R. R. Benjamin | 0.70 | 300.00 | 210.00 |
| B.A. Berneman | 5.00 | 300.00 | 1,500.00 |
| E.E. Madda | 1.70 | 225.00 | 382.00 |
|  | 7.40 |  | $ 2,092.50 |

*I.*  *TRAVEL*

Pursuant to its agreement with the Debtor, Q&H is entitled to a fee for time incurred by attorneys for traveling more than 10 miles from the offices of Q&H. The travel fee is calculated at a lower rate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| R. R. Benjamin | 18.50 | 150.00 | 2,775.00 |
| E.E. Madda | 7.00 | 150.00 | 1,050.00 |
|  | 25.50 |  | $ 3,825.00 |

*J.*  *COSTS AND EXPENDITURES*

Q&H seeks reimbursement of $324.29 as the expenses it incurred during its representation of the Debtor to date. Expenses were incurred for the following items: Overnight mail charges, computerized research charges for issues related to the automatic stay and claims issues, copier charges, postage charges, messenger charges, travel expenses and facsimile charges. All copy charges are billed at $0.10 per copy. Debtor agreed to pay for these items pursuant to a written agreement with Debtor's counsel. These expenses were necessary to accomplish the proper representation of the Debtor. An itemization of these costs is included in Exhibit A.

### V. Certification

Q&H certifies that it served a copy of the chronological itemization of services rendered to the Debtor. To date, the Debtor has not objected to the fees incurred.

### VI. The Value of the Services for Which Compensation is Sought and Preservation of the Retainer

Section 330(a) of the Bankruptcy Code provides:

>    (a)    After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1003 of this title, or to the debtor's attorney –
>
>    (1)    reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a cases under this title; and
>
>    (2)    reimbursement for actual, necessary expenses.

The Bankruptcy Court has the independent authority and responsibility to determine the reasonableness of all fee requests, whether or not objections are filed. *In re Spanjer Brothers, Inc.,* 203 B.R. 85 (Bkrtcy. N.D.Ill., 1996); *In re Pettibone Corporation*, 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987). The burden of proof is on the applicant to show that the fees incurred were actual and necessary. *In re Spanjer Brothers, Inc.,* 203 B.R. 85, 89 (Bkrtcy. N.D.Ill., 1996); *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Pettibone Corporation,* 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987).

The representation of the Debtor adequately corresponds with the time and labor expended by Q&H. The various issues involved required experienced bankruptcy counsel. Q&H attorneys have over sixty (60) years combined experience in the area of bankruptcy law. Less experienced attorneys would not have handled the matters herein as efficiently and as effectively. Due to the substantial time expended on behalf of the Debtor, Q&H was precluded from accepting cases requiring extensive representation during the initial phase of these cases. Q&H was able to accomplish a great deal directed towards aiding the Debtor in its streamlining efforts and the preparation and proposal of a plan supported by a detailed disclosure statement. Considering the results obtained by Q&H the amounts involved are fair and reasonable. This

Court has reviewed and ruled upon numerous fee applications and is in a position to determine that the rates herein are reasonable.

### VII.  Conclusion

WHEREFORE, QUERREY & HARROW, LTD. requests that this court enter an Order:

A. Determining that the legal services and fees incurred were necessary and reasonable;

B. Allowing interim compensation in the amount of $56,941.50;

C. Allowing reimbursement of expenses in the amount of $324.29; and

D. Granting such other and further relief as this court may deem just and proper.

QUERREY & HARROW, LD.

By: /s/Beverly A. Berneman
Beverly A. Berneman

Robert R. Benjamin (ARDC # 10070429)
Beverly A. Berneman (ARDC # 06189418)
QUERREY & HARROW, LTD.
175  West Jackson Boulevard, Suite 1600
Chicago, Illinois  60606
(312) 540-7000